IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BOBBY JOE MOTTON, SR., | ) | 4:07CV3090 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| LANCASTER COUNTY | ) | |
| CORRECTIONS, MEDICAL | ) | |
| STAFF, and DIRECTOR, | ) | |
| M. THURBER, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, a former prisoner, has been granted provisional leave to proceed in forma pauperis (IFP). The court now conducts an initial review of the plaintiff's complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  INITIAL REVIEW OF COMPLAINT

### A.  Summary of Complaint

The plaintiff alleges that while confined in the Lancaster County jail, he was denied medication for his diabetes and high blood pressure, as a result of which he suffered a diabetic attack and had swollen ankles that prevented him from walking. The plaintiff appears to be alleging a claim for damages under 42 U.S.C. § 1983 for deliberate indifference to an inmate's serious medical needs in violation of either the Eighth Amendment (if the plaintiff was serving a jail sentence) or the Due Process Clause of the Fourteenth Amendment (if the plaintiff was a pretrial detainee).

## B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Thus, where a pro se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1967); *Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002).

## C. Discussion of Claims

The plaintiff generally alleges that "the Lancaster County Jail and medical staff" failed to give him his medication, which led to the diabetic attack and swollen ankles. Grievance forms that are attached to the complaint (filing 1) or later filed as "supplements" (filings 7, 9) indicate that there were several occasions between May 2006 and January 2007 when the plaintiff did not receive one or both pills. Based on these grievances and on a June 5, 2006 letter that an ACLU legal clerk sent to Mike Thurber, Director of Lancaster County Corrections, requesting an investigation into the plaintiff's complaints, the plaintiff alleges that Mr. Thurber should have taken corrective action, but that he failed to do so.

Named as defendants to this action are (1) "Lancaster County Corrections", (2) "Medical Staff", and (3) "Director, M. Thurber". The first two named defendants are not legal entities that are capable of being sued. Mr. Thurber can be sued, either personally or in his official capacity as Director of Lancaster County Corrections, but the plaintiff's complaint fails to state in which capacity he is sued. Consequently, it

2

must be assumed that he is sued only in his official capacity. As held recently by the United States Court of Appeals for the Eighth Circuit in *Baker v. Chisom*, No. 06-2838, ___ F.3d ___, 2007 WL 2416362, *2-3 (8th Cir. Aug. 28, 2007):

> We have repeatedly stated the general rule: "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir.1995); *see Nix. v. Norman*, 879 F.2d 429, 431 (8th Cir.1989). "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Artis v. Francis Howell N. Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1182 (8th Cir.1998).
>
> . . .
>
> [O]ur cases require more than ambiguous pleading. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir.1999) ("specific pleading of individual capacity is required"); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999) ("only an express statement that [public officials] are being sued in their individual capacity will suffice"); *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir.1997) ("a clear statement that officials are being sued in their personal capacities" is required). A "cryptic hint" in plaintiff's complaint is not sufficient. *Egerdahl*, 72 F.3d at 620.

Thus, even though it appears that the plaintiff may be attempting to allege a supervisory liability claim against Mr. Thurber personally,[1] the complaint must be construed as alleging only an official capacity claim. In other words, the action is brought against Lancaster County. "A suit against a government official in his or her

---

[1] A supervisor incurs liability for a violation of a federally protected right when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. *Ottman v. City of Independence*, 341 F.3d 751, 761 (8th Cir.2003)

official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" *Baker*, 2007 WL 2416362 at \*4 (quoting *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n. 55 (1978)). "[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official." *Id.* (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

"A claim against a county is sustainable only where a constitutional violation has been committed pursuant to an official custom, policy, or practice." *Johnson v. Blaukat*, 453 F.3d 1108, 1114 (8th Cir. 2006) (citing *Monell*, 436 U.S. at 690-91). In this case, the plaintiff alleges that he failed to receive his medications on multiple occasions over a period of several months, despite his repeated complaints to the jail administration. Giving the plaintiff's complaint a liberal construction, *see Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (pro se complaints are to be construed liberally, but must allege sufficient facts to support the claims advanced), an actionable claim is thus stated against Lancaster County.

## II. APPOINTMENT OF COUNSEL

The plaintiff seeks the appointment of counsel. (Complaint (filing 1), ¶ VII.) However, the court cannot routinely appoint counsel in civil cases. "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). Having reviewed the plaintiff's complaint, the court finds that the request for appointment of counsel should be denied without prejudice.

IT IS THEREFORE ORDERED that:

1. The court has completed its initial review of the plaintiff's complaint.

2. To proceed with this action, the plaintiff must obtain service of process upon Lancaster County. The Clerk of the court shall send ONE summons form and ONE USM-285 form to the plaintiff, together with a copy of this memorandum and order. The plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the completed forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons, to be forwarded with a copy of the complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law, in the discretion of the Marshal. The Clerk of the court will copy the complaint, and the plaintiff does not need to do so.

4. Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because the court has only now completed its initial review, the plaintiff is granted an extension of time until 120 days from the date of this order to complete service of process.

5. The plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result the entry of an order of dismissal without further notice. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of court is directed to set a pro se case management deadline using the following text: "February 1, 2008: Check for completion of service of summons."

7. The plaintiff's request for appointment of counsel is denied without prejudice.

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

November 5, 2007. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge